## No. 10,110.

### A. LeBœuf vs. Marie J. Webre et als.

A creditor of a succession has a right to require the administration thereof to be conducted according to law, and to that end, to require that all its property shall be included in the inventory, and to prevent improper and illegal sales thereof. He is not bound, in order to maintain such action, to allege or prove the insolvency of the succession. Its solvency or insolvency depends on the result of the administration, on the value of its property and the amount of debts which may be presented against it ; and the creditor is not bound and has not the means to solve this question in advance.

Our jurisdiction in such a case is governed by the amount of the " fund to be distributed."

APPEAL from the Twenty-second District Court, Parish of St. James. *Rost, J.*

*Sims & Poché,* for Plaintiff and Appellant.

*Robert G. Dugue,* for Defendant and Appellee.

The opinion of the Court was delivered by

FENNER, J.   We adopt defendant's own statement of the case:

" The plaintiff alleges, in substance, that he is a creditor of the estate of B. S. Webre for $1,197.66; that the administratrix, who is a daughter of the deceased, has caused an undivided half of certain real estate to be advertised for sale to pay debts, although the whole belongs to the succession, and that she has purposely excluded one-half thereof from the inventory and from the sale, in order to shield it from the claims of his creditors.   That the entire property is burdened with a Citizens' Bank stock mortgage, which is an impediment to a valid sale of one-half of the property ; that the creditors are entitled to a new inventory and to a sale of the whole, and that the plaintiff will suffer irreparable injury by the contemplated sale.

"His prayer is for an injunction to arrest it, and for a judgment recognizing the succession as owner of the entire plantation, directing new inventory and a sale of the whole to be made, and rescinding the order of sale already rendered.

"The defendant, after excepting to the petition as disclosing no cause of action and no ground for an injunction, answered by emphatically denying the truth of plaintiff's allegations.

"The exception was sustained, the injunction dissolved, and the suit dismissed, with fifty dollars special damages for attorney's fees, and the plaintiff has appealed."

The ground upon which the judge acted was the absence of any allegation that the succession was insolvent, or that the sale as advertised would not realize enough to pay him and all other creditors.

We do not think that such allegations were essential.   The object of administration of a succession is to liquidate it by ascertaining the amount of its property and of its debts and by appropriating the former to the payment of the latter, and distributing any resulting residue among those entitled to it.

The fundamental basis of such administration is a correct and complete inventory of the property, which is made by law the measure of the administrator's bond, and exhibits the fund to which the creditors must look for the satisfaction of their claims.

The solvency or insolvency of the succession depends upon the result of the administration, upon the price which the property brings when sold, and upon the number and amount of the debts which may be presented against it.

Many successions, supposed to be solvent, prove to be the reverse.

A creditor is not bound to solve this question in advance, and has not the means to do so. But he is entitled to require that the administration be conducted according to law, that all the property belonging to it shall be included therein, and that it shall not be sacrificed by improper and illegal sales.

Obviously, if the whole of this real estate belongs to the succession, as alleged, the sale of an undivided half of it would be both improper and illegal. Perhaps, under C. C. 1135, such a sale would not be warranted, even if the succession only owned the undivided half; but certainly if it owns the whole it could not sell an undivided half in the manner proposed.

We think the petition sets forth a sufficient cause of action, both for the completion of the inventory, and for the injunction.

The case is clearly one affecting the "fund to be distributed," which greatly exceeds $2000, and the suggestion as to our lack of jurisdiction has no force.

It is, therefore, ordered, adjudged and decreed, that the judgment appealed from be annulled, that the exception of no cause of action be overruled, and that the case be remanded to be proceeded with according to law, defendant to pay costs of said exception in the lower court and of this appeal.